**Mary C. PREWITT, Plaintiff,**

v.

**GREAT SOUTHERN LIFE INSURANCE COMPANY, Defendant.**

Civ. No. 768.

United States District Court,
E. D. Kentucky,
Jackson Division.

Nov. 2, 1972.

Jesse Horn, Reaves, Barret, Cooper & Ward, Hazard, Ky., for plaintiff.

Fowler, Rouse, Measle & Bell, Lexington, Ky., for defendant.

HERMANSDORFER, District Judge.

Defendant's Motions to Quash Service of Summons and to Dismiss the Complaint require an examination of the statutory laws of Kentucky regulating the business of insurance companies. Particularly important to a disposition of these motions is whether the sale of a life insurance policy to a Kentucky resident outside the Commonwealth and in a jurisdiction where the insured resided and the insurer was authorized to do business affords any basis for valid service on the Kentucky Commissioner of the Department of Insurance as statutory agent for the defendant company.

We find the motions are well made.

Clyde Edward Prewitt died in a non-combat military air crash near Taipen International Airport in Taiwan on or about October 2, 1970. At that time he was on active duty as a captain in the United States Air Force. Among the assets coming into the hands of his wife, the plaintiff in this action, was a life insurance policy on the life of Captain Prewitt issued by the defendant insurance company on April 30, 1958 and delivered at Waco, Texas. The face amount of defendant's policy number 989315 is Ten Thousand ($10,000.00) Dollars which has been paid and by rider accidental death benefits in the amount of Ten Thousand ($10,000.00) Dollars are provided which have not been paid and which give rise to this litigation.

Plaintiff's deceased was a resident and citizen of Kentucky before commencing his military career. We find that Clyde Edward Prewitt was technically a resident of the Commonwealth of Kentucky at the time of his death.

The plaintiff in this action resides in Kentucky and filed this action at Jackson on February 23, 1971, under the provisions of 28 U.S.C. § 1332. The defendant raises the question as to jurisdictional amount since the face value of the accidental death benefit rider is precisely Ten Thousand ($10,000.00) Dol-

lars. We find that it is not necessary to consider this aspect of the case.

Plaintiff alleges and by conclusion in a Memorandum Brief filed herein withdraws the allegation that the defendant is an authorized and licensed insurance company doing business in Kentucky. The question is squarely raised as to whether the defendant insurer did any act in connection with the disputed policy to bring it within the contemplation of Kentucky statutory provisions as to unauthorized insurance companies.

The Kentucky legislative plan for the regulation of foreign insurance companies includes the provision that licensed companies shall appoint the Kentucky Insurance Commissioner as their true and lawful attorney in fact to receive service of process and provides that this shall be the manner of service on such authorized foreign insurance companies, KRS 304.094(1). Unauthorized foreign insurance companies are regulated by the sanctions contained in KRS 304.11–010 through 050; and, by KRS 304.11–040, if an unauthorized insurer does any prohibited act denounced by statute, such insurer shall be deemed to have made an irrevocable appointment of the Insurance Commissioner to be such offending insurer's attorney in fact for service of process.

The acts purported by statute to constitute the business of an unauthorized insurer have in common the requirement of a nexus with the Commonwealth of Kentucky. Accordingly, denounced by statute are acts performed without compliance in the Commonwealth or of such nature as may be deemed to be done within the Commonwealth. The statutes do not attempt to denounce or act upon any transaction between an insurer and an insured consummated in another jurisdiction. It is in this context that plaintiff's contention that the technical Kentucky residency of her deceased husband, insured by defendant, in Texas, is sufficient to bring the transaction within the ambit of the laws of Kentucky regulating unauthorized insurance companies with the attending statutory appointment of the Insurance Commissioner as attorney in fact for service of process must be considered.

The payment of premium by government allotment cannot be translated as premium payments made in Kentucky. No fact is alleged that shows this defendant had any notice that the insured was a resident of Kentucky. The application shows his residence as 58 Scott Circle, J.C.A.F.B., Waco, Texas. No fact is presented showing that the insurer had any contact with the Commonwealth of Kentucky during the initial application, issuing and delivery dates of the policy, all which occurred in Texas. We find that the defendant in this instance did not conduct any business in Kentucky within the meaning of KRS 304.11 regulating unauthorized insurers.

The service of summons in this case can only be upheld if a basis is found on which KRS 304.11–040 may operate. We find none. Therefore, the service of summons upon the Kentucky Insurance Commissioner was ineffective under the facts of this case and did not constitute service upon the defendant company. It follows that Great Southern Life Insurance Company is not before the Court by summons and that the Court does not have jurisdiction of the person of the defendant. Rule 4, F.R.Crim.P. Although other grounds exist on which the jurisdiction of the Court may be attacked, we find no question raised which if found in favor of plaintiff would correct the deficiencies determined to exist herein. Accordingly, without suggestion of comment on the merits of plaintiff's claim, the defendant's Motions to Quash Service of Summons and to Dismiss the Complaint for Lack of Jurisdiction over the Defendant are sustained.

An order will be entered forthwith in conformity with this Memorandum Opinion and striking this matter from the docket.